United States District Court
District of Massachusetts

```
_____
                               )
STEVEN CAVICCHI,               )
                               )
        Plaintiff,             )
                               )   Civil Action No.
        v.                     )   13-12535-NMG
                               )
RAYTHEON COMPANY,              )
                               )
        Defendant.             )
                               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves wrongful termination and disability discrimination claims posed by Steven Cavicchi ("plaintiff"). The plaintiff alleges that his employer, Raytheon Company ("defendant"), unlawfully placed him on long-term disability, despite the fact that he suffered no physical limitations.

The complaint contains five counts which allege, among other things, discrimination based upon a perceived disability and wrongful termination. The defendant has moved to dismiss three of the five counts and, for the reasons that follow, the Court will allow the motion with respect to one count, but deny it as to the other two.

**I. Background**

The plaintiff filed this action in October, 2013. The complaint alleges that in February, 2012, plaintiff fell on a

staircase at work and went to a doctor. He was cleared to return to work the next day. When plaintiff arrived back at work, he was required to undergo a blood test and was suspended from work the following day "pending an investigation".

The defendant referred plaintiff to doctors on two other occasions, in May and June, 2012. At both appointments, the plaintiff spoke with the doctors but was not physically examined. On July 23, 2012, the defendant placed the plaintiff on long-term disability. He contacted his union director, Dave Johnson, who informed him that the employer may have used the alleged disability as a pretense to suspend the plaintiff. The compensation that plaintiff receives from Raytheon as a result of his alleged long-term disability is roughly one-half of his salary.

Counts I and II allege disability discrimination. Count I alleges a state law claim under M.G.L. c. 151B, § 4 and Count II implicates federal law, arising under 42 U.S.C. § 12101. Both counts claim the defendant 1) treated the plaintiff as if he had a medical impairment without providing proper accommodation and 2) improperly terminated him by placing him on long-term disability.

Count III alleges common-law intentional infliction of emotional distress ("IIED"), Count IV alleges breach of contract by virtue of termination without cause and Count V alleges that

defendant violated the Massachusetts Civil Rights Act by depriving plaintiff of his constitutional right to contract.

**II. Defendant's Motion to Dismiss Counts III, IV and V**

The defendant moves to dismiss Counts III, IV and V of the complaint. In support of its motion to dismiss Count III, defendant asserts that plaintiff's IIED claim is barred by the exclusivity provision of the Massachusetts Workers Compensation Act and preempted by his federal Americans with Disabilities Act claim alleged in Count II. With respect to Count IV, defendant claims that the breach of contract claim is preempted by § 301 of the Labor Management Relations Act ("LMRA") and as to Count V, defendant maintains that plaintiff's civil rights claim is preempted by both M.G.L. c. 151B and § 301 of the LMRA.

**A. Count III (IIED)**

The plaintiff alleges intentional infliction of emotional distress in Count III, claiming that the defendant's "outrageous acts" caused his financial ruin.

**1. Legal Standard**

To prevail on an IIED claim, a plaintiff must demonstrate that

> the conduct was "extreme and outrageous," was "beyond all possible bounds of decency and was "utterly intolerable in a civilized community" and that the "emotional distress sustained by the plaintiff was severe."

Howell v. Enter. Publ'g Co., 455 Mass. 641, 672 (2010) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976)). However, when the emotional distress "arise[s] in the course of the employment relationship" and is compensable under worker's compensation statutes, the "exclusivity provision" of the Massachusetts Worker's Compensation Act, M.G.L. c. 152, § 24, bars common law claims for IIED. See Tennaro v. Ryder Sys. Inc., 832 F. Supp. 494, 500 (D. Mass. 1993) (finding that injuries caused by a supervisor's exercise of supervisory duties arose in the course of the employment relationship and therefore could not be the basis of a common law IIED claim).

If "the employer's conduct substantially took place while the plaintiff was an employee, and it explicitly concerned his employment," the plaintiff's injuries from that conduct are deemed to arise in the course of the employment relationship and must be redressed under the Massachusetts worker's compensation statute. Bertrand v. Quincy Mkt. Cold Storage & Warehouse Co., 728 F.2d 568, 572 (1st Cir. 1984). Furthermore, Massachusetts courts have routinely determined that

> the [worker's compensation] statute covers broadly any injury that arises out of the employment relationship regardless of whether it occurs during the precise period of employment.

Andresen v. Diorio, 349 F.3d 8, 16 (1st Cir. 2003) (collecting cases).

### 2. Application

Defendant contends that Count III is barred by the Worker's Compensation Act. It points to this Court's holding in Tennaro, where the Court held that IIED was compensable under M.G.L. c. 152 and thus a common-law claim asserting the same was barred. 832 F. Supp. at 500.

Plaintiff responds that defendant's behavior which gave rise to the IIED claim occurred after the plaintiff's separation from employment with the defendant, citing Hamilton v. Baystate Med. & Educ. Research Found., 866 F. Supp. 51, 56 (D. Mass. 1994), and that therefore his IIED claim cannot be said to have arisen in the course of his employment. Plaintiff claims that defendant refused to permit him to return to work after doctors cleared him to return.

First Circuit case law demonstrates that M.G.L. c. 152, § 24 provides the exclusive remedy for employment-related claims, including IIED. See Tennaro, 832 F. Supp. at 500. Plaintiff's claim that the behavior giving rise to his IIED claim occurred after separation ignores the fact that the defendant's alleged conduct "substantially took place while the plaintiff was an employee," and concerned the plaintiff's employment. Bertrand, 728 F.2d at 722. Plaintiff and defendant certainly had an "employment relationship" and plaintiff's alleged injuries arose out of that relationship, so the broad reading of the

exclusivity provision in cases in this circuit requires preemption. See Andresen, 349 F.3d at 16.

Furthermore, defendant asserts that plaintiff has not, in fact, been "separated" or "terminated" but is instead on "approved medical leave of absence status". In any event, the label attached to the plaintiff's status does not control here because the defendant's actions were directly related to his employment. The plaintiff's reliance on Hamilton is inapt, because that court held

> [t]he exclusivity bar applies even where the allegedly injurious actions occur in the course of termination.

866 F. Supp. at 56 (citing Bertrand, 728 F.2d at 722). The plaintiff is entitled to claim emotional harm based on the employment relationship under Counts I and II and thus Count III is barred by M.G.L. c. 152, § 24. Defendant's motion to dismiss Count III will therefore be allowed.

The defendant's alternative argument, that the plaintiff's IIED claim is preempted by his federal Americans with Disabilities Act claim (Count II), requires no discussion because this Court finds that the IIED claim is barred by M.G.L. c. 152, § 24.

### B. Count IV (Breach of Contract)

Plaintiff claims in Count IV that defendant breached the employment contract because it could only terminate plaintiff

-6-

for cause and allegedly circumvented that element by placing him on long-term disability rather than terminating him outright.

Defendant responds that Count IV's breach of contract claim is barred by § 301 of the LMRA and preempted by M.G.L. c. 151B.

### 1. Section 301 of the LMRA Preemption

#### a. Legal Standard

Section 301 of the LMRA preempts state law breach of contract claims if such claims require the court to interpret a collective bargaining agreement ("CBA"). 29 U.S.C. § 185 (2006); Quesnel v. Prudential Ins. Co., 66 F.3d 8, 10 (1st Cir. 1995). If a breach of contract claim depends substantially on interpretation of a CBA, the claim can either be treated as one brought pursuant to the LMRA or must be dismissed as preempted. DiGiantommaso v. Globe Newspaper Co., 632 F. Supp. 2d 85, 90 (D. Mass. 2009). A plaintiff must exhaust the grievance or arbitration procedures outlined in the relevant CBA before his common law contract claim may be treated as an LMRA claim. Fiumara v. President of Harvard Coll., 526 F. Supp. 2d 150, 159 (D. Mass. 2007).

#### b. Application

Defendant argues that the plaintiff's breach of contract claim is barred by § 301 of the LMRA because the Court would be required to construe the subject CBA to determine whether he is entitled to relief.

Plaintiff responds that § 301 does not preempt a claim that does not substantially depend upon interpreting the CBA. Karetnikova v. Trs. of Emerson Coll., 725 F. Supp. 73, 79-80 (D. Mass. 1989). He argues that he can only be terminated "for cause," which has a common law meaning and therefore requires no interpretation of the CBA.

This case is distinguishable from Fiumara, which was in the context of a motion for summary judgment. 526 F. Supp. 2d at 153. In Fiumara, the plaintiff alleged a breach of contract, but referred only to the CBA in the complaint. Id. at 159. There, this Court found that because the plaintiff was an employee subject to a CBA but had not identified any contract other than the CBA, the Court was required to interpret the CBA. Id. at 159. Thus, in the Court's opinion, the claim had to be brought under § 301 of the LMRA to avoid preemption. Id.

In the instant case, however, defendant has moved to dismiss rather than wait until after discovery to move for summary judgment. This Court must therefore accept all well-pled statements in the complaint as true. Plaintiff does not refer to the CBA in the complaint but instead states that he has an employment contract under which he can only be terminated "for cause." He mentions his union membership but does not refer to a CBA. Moreover, the parties have not provided the Court with a copy of the CBA and therefore it is unknown whether

the Court needs to interpret the term "for cause" in order to resolve plaintiff's breach of contract claim, Quesnel, 66 F.3d at 10, or whether the claim substantially depends upon such an interpretation. DiGiantommaso, 632 F. Supp. 2d at 90. Therefore, this Court will not dismiss Count IV based on LMRA preemption.

### 2. M.G.L. c. 151B Preemption

Alternatively, defendant argues that M.G.L. c. 151B preempts the breach of contract claim because the disability claim serves as the basis of the alleged breach, citing Reidy v. Traveler's Ins. Co., 928 F. Supp. 98, 106 (D. Mass. 1996). Plaintiff responds that M.G.L. c. 151B does not bar his contract claim because he proposes to use different evidence to prove the two distinct causes of action.

A common law breach of contract claim is preempted if it is based on conduct for which the Massachusetts anti-discrimination statute, M.G.L. c. 151B, provides the exclusive remedy. Charland v. Muzi Motors, Inc., 417 Mass. 580, 585, 631 N.E.2d 555, 558 (1994). Thus, to the extent that plaintiff's common law claim for breach of contract is based upon defendant's allegedly discriminatory employment practices, M.G.L. c. 151B preempts it.

This case is distinguishable from Reidy, where the plaintiff alleged that he was terminated due to his disability and this Court found that M.G.L. c. 151B preempted his breach of

contract claim. 928 F. Supp. at 106. Here, plaintiff contends that he was terminated for improper reasons and that defendant fabricated a disability in order to mask the real reasons for firing him. Plaintiff's breach of contract claim in Count IV is sufficiently distinct from the discrimination claim in Count I to withstand a motion to dismiss. Therefore, this Court finds that Count IV is not preempted by M.G.L. c. 151B and will deny the motion to dismiss with respect to that count.

### C. Count V (Civil Rights Violation)

In Count V, plaintiff alleges that defendant violated his constitutional right to contract and to enjoy and possess liberty and property by improperly terminating him. Defendant asserts in its motion to dismiss that Count V is preempted by M.G.L. c. 151B and § 301 of the LMRA.

#### 1. M.G.L. c. 151B Preemption

Defendant argues that Count V duplicates Count I, which alleges disability discrimination in violation of M.G.L. c. 151B. Under Massachusetts law, plaintiff

> may not evade [Chapter 151B's] procedural requirements by recasting a discrimination claim as a violation of
> . . . the civil rights act . . . .

Green v. Wyman-Gordon Co., 422 Mass. 551, 555, 664 N.E.2d 808, 811 (1996). Plaintiff responds that the claim relates to conduct other than discrimination, such as interference with the right to contract and thus is not preempted by M.G.L. c. 151B.

-10-

Plaintiff's claim that defendant deprived him of constitutional rights raises a claim distinct from the one pled in Count I under M.G.L. c. 151B.  At this early stage, the Court cannot say that the plaintiff is trying to evade the procedural requirements of M.G.L. c. 151B by bringing another claim under the Massachusetts Civil Rights Act ("MCRA").  Plaintiff proposes to show a different injury with evidence other than that of employment discrimination.  Thus, M.G.L. c. 151B does not preempt Count V.

### 2. LMRA Preemption

Alternatively, defendant asserts that if plaintiff intends to claim that perceived disability was a pretext for an unlawful firing, the Court would be required to interpret his CBA and his claim would therefore be preempted by the LMRA for the reasons described above.  Plaintiff counters that Count V does not depend on the CBA, and thus is not barred by § 301.

For the reasons outlined in Section II.B.1, supra, the Court cannot say that interpreting the CBA is required. Furthermore, Count V alleges deprivation of constitutionally granted rights, not contractually conferred entitlements. Therefore, Section 301 of the LMRA does not preempt Count V and defendant's motion to dismiss Count V will be denied.

## ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 7) is, with respect to Count III, **ALLOWED**, but with respect to Counts IV and V, **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated April 18, 2014